Mr. Justice Cox
delivered the opinion of the court.
This is an action brought by the Washington Market Company against Warthen Brothers, to recover $408.54 for the rent of stalls occupied by the defendants. In order to explain the defence made in this case, it will be necessary to refer *433 to the old case of Hoffman and others, instituted in this -court, against the same company, growing out of the interpretation put by the butchers upon the terms of their respective leases from that company. The company’s charter authorized it to put up these stalls at public auction for one ■or more years, to the highest bidder, subject to the payment of an annual rent, &c.; and it provided that the person who offered the highest price, at or beyond the minimum, for any stand, should be entitled to the occupation thereof, and should be considered as having the good-will and possession thereof “ so long as he chooses to occupy the same for his ■own business and pay the rents therefor.” In pursuance of this, the company did offer the stalls at auction for a term of two years, at a certain fixed rent, and of course the party who offered the highest premium or bonus for a stall, in addition to the rent, received it and took his lease, subject to the terms prescribed as to rent, occupancy, &c. When the first two years expired, the company claimed the right to re-advertise the stalls, and the butchers contested that claim, contending that, having once acquired possession, they had a right to occupy the stalls as long as they pleased without a re-purchase, provided they paid the rent and complied with the other conditions of the leases : and Hoffman and others filed a bill to enjoin the re-sale of the stalls. The company, on the other hand, filed a cross-bill, in which they claimed that the market butchers should be compelled to pay them the rents reserved in these leases. This court decreed, in the first place, that the company should be enjoined from re-selling the stalls ; and in the next place, that the butchers should be required to pay the rents. The market company appealed to the Supreme Court of the United States, and that court reversed the decree of this court, and.held that there was no perpetual privilege, but only a right to occupy the stalls for a term of two years on certain conditions, and therefore that the company had a right to re-advertise the ■stalls. Pending the suit, there was an amendment made to the bill, by which others than the original parties were made parties to the suit, and among them the Warthen Brothers ; *434 and when the final decree of this court was made, it was provided in the decree, first, that the company be restrained from offering for sale these stalls, stands, &c., upon any claim or pretense that the several rights and interests of the occupants were for a term of two years only; and, next, that the butchers are, each for himself, severally bound to pay the amounts agreed as rents for the said stalls ; and then the decree proceeds : “ And whereas the said market company has prayed an appeal to the General Term from such portion of this decree as awards a perpetual injunction against the sale of the said stalls and stands as aforesaid ; and the said Hoffman and his co-complainants have prayed an appeal from such portion of this decree as decides that they are liable for rent; and the said several parties have agreed in open court, by their respective solicitors, that, pending such appeal, and any further appeals that may hereafter be taken from the said General Term to the Supreme Court of the United States, receivers should be appointed to collect the rents so decreed to be paid, it is further ordered, adjudged and decreed, that William E. Chandler and Robert K. Elliot be, and they are hereby appointed receivers, to collect such rents from said several defendants to said cross-bill, and the same safely to keep and invest under orders of the court,” &c.
Although the butchers did, as recited in the decree, appeal, they did not in fact prosecute the appeal ; and inasmuch as the whole object of appointing the receivers was to prevent the rents going into the hands of the market company, upon the ground that they were not entitled to them, there was hardly any necessity for the continuance of the receivers in office. Nevertheless, these two receivers were appointed, and did continue in office and did collect the rents. Then the market company claimed that these defendants, Warthen Bros., failed not only to pay the rents, but also to occupy the stalls, according to the conditions of the leases ; and thereupon the company say that, after warning to the defendants, they took quiet possession of the stalls. Subsequently, an order was obtained from the court, at the instance of the receivers themselves, that they be relieved from the coliec *435 tion of the rents of any “ stalls that have been or may be vacated ; ” and the company, claiming that these stalls had been so vacated, and that the receivers were under no obligation, and had not even the right to collect the rents for stalls vacated, instituted this suit to recover the rents.
The defence is, that the company wrongfully took possession of one of these stalls, and that the damage suffered by the defendants by this proceeding is greater in amount than the rents which the defendants owe, and therefore they seek to recoup these damages against the claim of the plaintiff for rents.
There were five bills of exception presented by the defendants, but the fifth is the only one which is insisted upon.
By that exception it appears that the court said, to the jury :
“ There is a question as to whether the plaintiff can maintain this action, and whether it had a right to en-enter for non-payment of rent, but I shall hold, for the purposes of this case, as matter of law, that the action can be maintained, and that the plaintiff’ had the right of any other landlord to re-enter for the non-payment of rent.”
In other words, the court held that, notwithstanding the appointment of these receivers, if the stalls of these butchers were forfeited for non-payment of rent, or for non-compliance with any other condition of the lease, the market company had a right to re-enter. The correctness of this instruction turns upon the question whether the appointment of these receivers put it out of the power of the market company to take possession of these stalls under any circumstances. It does not strike us that that was the effect of the decree appointing these receivers. They were not put in possession of the property at all. In case any one of these tenants chose to surrender his lease, it was not provided that the receivers should take possession of the stall and re-lease it to other parties. It was for the market company to do that. The appointment of the receivers referred only to the relations between these particular tenants and the market company. So, if a stall was vacated or abandoned, or not used *436 according to the requirements of the lease, by any of the tenants, the market company had a right to resume possession of it as forfeited under the lease ; and it does not appear to us that that duty was devolved upon the receivers, or that they had the right under the circumstances. There was no provision in the appointment of the receivers directing them to take possession and enfoi’ce any of the conditions of the lease ; and the consequence would have been that no remedy would have existed at all in case of the abandonment of a stall or the non-payment of the rent, unless the company were supposed to remain in possession, with their remedies for a breach of the conditions of the lease. It does not seem to us, therefore, that the object or effect of this order was to pretermit or suspend the remedies of the market company against defaulting occupants of these stalls. The whole object was to enable the receiver’s to collect the rents as the parties chose to pay them. It was not until some time after-wards that they were clothed with any power to enforce the collection of rents, and not until after these stalls had become unoccupied. Under the order’s then existing, the remedy for a default rested with the company alone ; and this seems to have been the understanding of the parties themselves; because if the theory contended for in this case, that the appointment of these receivers suspended all power of the mai’ket company to take possession, be correct, then this wrong of which complaint is made, could have been x’edressed in the most summary manner, on application to the court. Tet, they never undertook to seek any relief of that sort, and, in fact, never made a question as to the wrongfulness of this entry by the company until one or two years later, and then by way of recoupment in this case.
We hold, therefore, that on the whole the ruling of the court below as to the power of the market company to deal with these stalls as any other landlord deals with his property, untrammelled by the appointment of these receivers? is correct.
The judgment is therefore affirmed.